TUER v NIEDOLIWKA

Docket .No. 78-4636. Submitted June 21, 1979, at Lansing.—Decided
    October 1, 1979.

Michele V. Tuer commenced an action under the Michigan
    paternity act seeking an order of filiation against William J.
    Niedoliwka. During the pendency of that action, the parties
    negotiated an agreement whereby defendant promised to pay
    plaintiff in monthly installments a total of $2,000 in exchange
    for her dismissal of her suit without prejudice. Plaintiff further
    agreed, upon receipt of payment in full from defendant, to
    execute a full release of all of her claims against defendant and
    enter a stipulation to dismiss with prejudice. The agreement
    neither expressly stated that plaintiff disavowed any claim that
    defendant was the father nor was any mention made that
    plaintiff released defendant of any claims for support and
    education of plaintiff's son. This agreement was never submit-
    ted to the trial judge for his approval. Plaintiff did dismiss the
    action without prejudice; however, she did not execute a release
    or file a stipulation to dismiss that action with prejudice upon
    payment in full of the agreed amount by defendant. In 1977,
    plaintiff reinstated paternity proceedings against defendant.
    Defendant moved for accelerated judgment, arguing that the
    prior agreement operated as a full release and barred reinstat-
    ing the paternity action. The Genesee Circuit Court, Harry B.
    McAra, J., denied defendant's motion for accelerated judgment,
    holding that the agreement was ineffective as a release in that
    it had not been approved by the trial judge in the prior action,
    as required by the paternity act. Following trial in this second
    action, an order of filiation directing defendant to pay for the
    child's support and education was entered. Defendant appeals,
    arguing that the agreement was not one concerning the sup-
    port and education of the child, but was rather a settlement as

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contracts § 253.
[2] 59 Am Jur 2d, Parent and Child § 49.
[3] 10 Am Jur 2d, Bastards § 75.
[4] 10 Am Jur 2d, Bastards § 98.

to liability or paternity, which would not be subject to the statutory requirement of judicial approval. *Held:*

1. The agreement, having been drawn up by defendant's attorneys, must be strictly construed against defendant.

2. The language of the agreement fails to support defendant's construction of that agreement, since the agreement did not expressly state that plaintiff disavowed any claim that defendant was the father, did not mention that plaintiff released defendant from any claims for support of the child, and expressly stated that the parties were desirous of settling their respective claims against each other. Moreover, plaintiff had no authority by virtue of the parental relationship to waive, release or compromise claims of the child or to do any act which was detrimental to the child. Authorization by statute is necessary to give the mother power to bind her child.

3. The primary purpose of the paternity act is to provide support for children born out of wedlock. Paternity actions, therefore, are initiated for the benefit of such children.

4. The agreement was not binding upon plaintiff and the child with respect to the claim for the support and education of the child, since the agreement was not approved by the trial court, as required by the paternity act.

5. The agreement, at best, only operated to extinguish the plaintiff's right to recoup the expenses of her confinement and those expenses incurred in connection with her pregnancy.

Affirmed.

1. CONTRACTS — ATTORNEY AND CLIENT — CONSTRUCTION OF AGREEMENTS — STRICT CONSTRUCTION.

An agreement drawn up by the attorneys for a party must be strictly construed against that party.

2. PARENT AND CHILD — AUTHORITY — CLAIMS OF CHILD.

A parent in Michigan has no authority by virtue of the parental relationship to waive, release or compromise claims of his or her child; authorization by statute is necessary to give the parent power to bind the child.

3. PARENT AND CHILD — PATERNITY ACT — PURPOSE — STATUTES.

The primary purpose of the paternity act is to provide support for children born out of wedlock; therefore, paternity proceedings are initiated for the benefit of such children (MCL 722.711 *et seq.;* MSA 25.491 *et seq.).*

4. PARENT AND CHILD — PATERNITY ACT — SUPPORT AND EDUCATION
    AGREEMENTS — JUDICIAL APPROVAL — EFFECT.

   An agreement or compromise of a claim of a mother or child
   under the paternity act which is made with the father concern-
   ing the support and education of the child is binding upon the
   mother and child only if such agreement is approved by the
   court having jurisdiction to compel support and education of
   the child (MCL 772.713; MSA 25.493).

*William J. Priehs,* for plaintiff.

*James J. Zimmer, P.C.,* for defendant.

Before: CYNAR, P.J., and MACKENZIE, and L. W.
CORKIN,* JJ.

CYNAR, P.J. Defendant appeals as of right from
the denial of his motion for accelerated judgment
on October 13, 1977, and from the subsequent
entry of a judgment and order of filiation against
him on October 16, 1978, which order was made
retroactive to April 19, 1978.

On July 21, 1971, plaintiff, then 17 years of age
and seven months pregnant, filed suit against
defendant under the Michigan paternity act,[1] MCL
722.711 *et seq.;* MSA 25.491 *et seq.,* seeking an
order of filiation. Plaintiff subsequently gave birth
to a son on September 23, 1971. During the pen-
dency of that action, the parties negotiated an
agreement whereby defendant promised to pay
plaintiff a total amount of $2,000, payable in
monthly installments, in exchange for plaintiff's
dismissal of her suit without prejudice. The agree-
ment further provided that upon receipt of pay-
ment in full from defendant, plaintiff would exe-
cute a full release of all claims which were the

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] 1956 PA 205.

subject of the above action, and enter a stipulation to dismiss with prejudice. The preamble to the agreement stated that defendant disavowed any and all liability to the plaintiff. The said agreement was never submitted to the trial judge for his approval.

Plaintiff did dismiss the action without prejudice, and defendant made full payment as agreed. However, plaintiff never executed a release nor filed any stipulation to dismiss with prejudice.

On April 21, 1977, plaintiff reinstituted paternity proceedings against defendant. Alleging that the above agreement operated to fully release him from any liability and thus barred reinstituting the action, defendant moved for accelerated judgment under GCR 1963, 116.1(5). By written opinion dated October 13, 1977, the trial judge denied defendant's motion. The lower court ruled that the agreement in question was ineffective as a release or compromise of plaintiff's claim and that it had not been approved by the judge presiding in the previous action, required by MCL 722.713; MSA 25.493, as a condition precedent to the agreement being binding upon the mother and child.

Following trial in the second action, an order of filiation, which also directed defendant to pay for the child's support and education, was entered October 16, 1978.

The question for decision is whether MCL 722.713; MSA 25.493,[2] § 3 of the paternity act,

---

[2] The statute in question provides as follows:

"Sec. 3. (a) An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support and education of the child shall be binding upon the mother and the child only when the court having jurisdiction to compel support and education of the child shall have determined that adequate provision is reasonably secured by payment or otherwise and has approved the agreement or comromise.

"(b) The performance of the agreement or compromise, when so

operated to bar plaintiff and her son from reinstituting a paternity action or from seeking other remedies for the support and education of the child as a result of defendant's full performance under the above-described agreement, when such agreement was never submitted to nor approved by the court having jurisdiction over the original paternity proceeding. No prior Michigan case has addressed this issue.

Defendant argues that the agreement entered into by the parties was not for the support and education of the child, but rather a settlement as to liability or paternity, an agreement in compromise of a lawsuit. Thus, defendant concludes that MCL 722.713; MSA 25.493 is inapplicable and no judicial approval was required to make the settlement binding upon plaintiff, as well as her son, and that ordinary contract principles would therefore apply, and the reinstitution of the suit would be barred by the compromise.

We cannot accept defendant's expansive interpretation of the effect of the agreement. As the agreement was drafted by defendant's attorneys, it must be strictly construed against him. *Greenspan v Rehberg,* 56 Mich App 310, 326; 224 NW2d 67 (1974). Nowhere in the agreement is it expressly stated that plaintiff disavowed any claim that defendant was the father, nor is mention made anywhere that plaintiff released defendant with regard to any claims for support and education by plaintiff's son. The agreement itself states that the parties thereto were desirous of settling their respective claims against *each other.*

Moreover, in Michigan a parent has no authority merely by virtue of the parental relation to

---

approved, shall bar other remedies of the mother or child for the support and education of the child."

waive, release, or compromise claims of his or her child. Generally speaking, the natural guardian has no authority to do an act which is detrimental to the child. Authorization by statute is necessary to give the mother power to bind the child. *Reliance Ins Co v Haney,* 54 Mich App 237, 242; 220 NW2d 728 (1974).

Other jurisdictions have adopted an identical point of view, and have held that an illegitimate child's right to support from a putative father cannot be contracted away by its mother, and that any release or compromise executed by the mother is invalid to the extent that it purports to affect the rights of the child. *Gammon v Cobb,* 335 So 2d 261 (Fla, 1976), *Shinall v Pergeorelis,* 325 So 2d 431 (Fla App, 1975), *Reynolds v Richardson,* 483 SW2d 747 (Tenn App, 1971), *cert den,* 410 US 944; 93 S Ct 1381; 35 L Ed 2d 611 (1973). In *Reynolds,* the court further held that such a release was no bar to the mother instituting, or even reinstituting, a paternity proceeding for the benefit of the child.

We approve of the reasoning in those cases, and adopt their holdings as the rule in Michigan.

Since it is well settled that the Legislature's primary purpose in enacting the paternity act was to provide support for children born out of wedlock, *Whybra v Gustafson,* 365 Mich 396, 400; 112 NW2d 503 (1961), it is clear that paternity proceedings are initiated for the benefit of such children. Thus, under the facts in this case, the attempted settlement, to be binding on the mother and child, required the approval of a court having jurisdiction to compel support and education of the child. The use of the word shall in subsection (a) of § 3 indicates that the provision is mandatory. *Law Dep't Employees Union v Flint,* 64 Mich App 359, 368; 235 NW2d 783 (1975).

Thus, at best, the settlement entered into here only operated to extinguish plaintiff's right to recoup the expenses of her confinement and those expenses incurred in connection with her pregnancy, for which defendant would otherwise be liable under MCL 722.712(a); MSA 25.492(a), upon determination of paternity.

Further, in conjunction with this provision of the act,[3] we find an additional failure to comply with its requirements, in that there was no determination by the trial judge in the first proceeding that adequate provision for the support and education of the child was secured by payment or otherwise.

For the above reasons, we conclude: first, that the trial judge was correct in denying defendant's motion for accelerated judgment; and second, that the release executed by the parties did not operate to bar the reinstitution of the paternity proceeding by plaintiff. We affirm the order of filiation and order of support entered in the court below.

Affirmed. Costs to plaintiff.

---

[3] MCL 722.713; MSA 25.493.