■ In the Matter of L. PAMELA P., Appellant-Respondent, v FRANK S., Respondent-Appellant. — Order, Family Court, New York County (Dembitz, J.), entered February 11, 1982, modified, on the law, to strike the defense of fraud and deceit and to increase the award for support to $945 per month, retroactive to June 27, 1980 (the date the petition was filed), and otherwise affirmed, with costs. After making a finding of filiation the Family Court then proceeded to hold a hearing to determine the amount which the father should contribute to the support of his child, based upon the needs of the child and the means of both parents. (Family Ct Act, §§ 513, 545; *Schaschlo v Taishoff,* 2 NY2d 408.) Paternity having been established by clear and convincing evidence (Family Ct Act, § 542; *Matter of Eileen McD. v Anthony LaP.,* 49 AD2d 765), the Family Court Judge was bound by the statute to consider these factors — and only these factors — in fixing both the amount required for the child's proper care and the contributions required from each of the parents. Thus the court erred in allowing the father to raise as a defense his allegation that the mother had fraudulently deceived him into believing that she was using birth control when she in fact was not. (110 Misc 2d 978.) Unknown at common law, petitions to establish paternity and to ensure the availability of resources for the child's support have a long history in this State's public policy, evidenced by the various statutes from which the present section 545 of the Family Court Act derives. (See, e.g., NY City Crim Ct Act, former § 61, subd 4; Domestic Relations Law, former § 127.) No longer criminal in nature, and thus not premised on "fault", the present provisions emphasize the welfare of the child, over even the protection of the public purse. (*Schaschlo v Taishoff,* 2 NY2d 408, *supra.*) The father's novel theory that he is constitutionally entitled to a diminution of his responsibilities to the child because the mother's fraud and deceit deprived him of his "procreative freedom" (110 Misc 2d, *supra,* at p 983) has no basis in the statute and, indeed, is not germane to the inquiry at hand. Assuming the father's allegation that he was deceived to be true, how does it logically follow that the child should suffer? The Judge below felt that the analysis in *Shelley v Kraemer* (334 US 1), required it to give consideration to evidence of the mother's fraud, lest the court put the " 'imprimatur of the

State' upon interference with reproductive choice" (110 Misc 2d, *supra,* at p 984). We disagree, and believe this kind of inquiry to be an impermissible invasion of "the zone of privacy created by several fundamental constitutional guarantees" (*Griswold v Connecticut,* 381 US 479, 485 [per Douglas, J.]). Lastly, the statute is quite clear that any support ordered "shall be effective as of the date of the application for an order of filiation" (Family Ct Act, § 545). Accordingly the order appealed from is modified, on the law, to strike the defense of fraud and deceit, increasing the award to the amount found by the Family Court to be necessary for the support of the child ($945 per month), retroactive to June 27, 1980 (the date the petition was filed), and otherwise affirmed, with costs. Concur — Murphy, P. J., Sandler, Ross and Carro, JJ.