*In re* KINSELLA ESTATE

Docket No. 52190. Submitted May 12, 1981, at Marquette.—Decided October 6, 1982.

Barbara J. and Rebecca S. Kinsella filed a petition against the estate of Patrick E. Kinsella, deceased, alleging that they were heirs at law of the decedent. The petitioners are twin daughters of Rose Ann McMillan, born to her during her brief marriage to the decedent. The decedent had married Rose Ann believing that he was responsible for her pregnancy. It later became apparent that the birth would occur earlier than expected. The decedent obtained an annulment of the marriage, claiming that Rose Ann had admitted to him that he was not responsible for her pregnancy. The judgment made no reference to children, and was approved by counsel for Rose Ann. Decedent remarried and is the father of three children, Keith, Kenneth, and Kelly Kinsella, who are the appellees herein. The Chippewa Probate Court, Robert A. Wood, J., determined that Keith, Kenneth, and Kelly were the sole heirs of the decedent, holding that the twins were precluded by virtue of the judgment of annulment from offering evidence that they are heirs of the decedent. Barbara and Rebecca appeal. *Held:*

1. A parent has no power, merely by virtue of the parental relationship, to waive, release, or compromise claims of his or her child. Therefore, the stipulation approving the annulment did not deprive the twins of an opportunity for a hearing on the merits to determine whether the decedent was their father. The trial court erred in ruling that the judgment of annulment precluded admission of evidence that the decedent was their father.

2. Appellees' contention that the mother defaulted in the annulment proceedings is without merit.

3. The judgment of annulment is not res judicata of the determination of heirs because the actions are not between the same parties.

4. The Court of Appeals cannot conclude that, as a matter of

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur 2d, Bastards § 158.
[2] 46 Am Jur 2d, Judgments § 531.

law, the twins are heirs at law of the deceased. The decision of the probate court is set aside and the case remanded for a hearing on the merits for a determination of whether the twins are heirs at law of the decedent.

Reversed and remanded.

1. Parent and Child — Claims of Child — Paternity — Intestate Succession.

  A parent has no power, merely by virtue of the parental relationship, to waive, release, or compromise claims of his or her child; an uncontested judgment of annulment of a marriage, stipulated to by the mother of a child, does not deprive the child of the opportunity for a hearing on the merits to decide whether the husband was the child's father for purposes of intestate succession.

2. Judgments — Res Judicata.

  The doctrine of res judicata applies only where a previous judgment was upon the same matter at issue and between the same parties, or their privies, as those involved in the present action.

Upper Peninsula Legal Services, Inc. (by *Bruce Cranham* and *Robert J. Capriccioso*), for appellants.

*Richard T. Askwith,* for appellees.

Before: D. E. Holbrook, Jr., P.J., and M. F. Cavanagh and Beasley, JJ.

Per Curiam. On May 16, 1980, petitioners, Barbara Jo Kinsella and Rebecca Sue Kinsella (hereafter appellants), filed a petition against the estate of Patrick Edward Kinsella, deceased, contending that they were legitimate heirs of the decedent. After a hearing held on May 27, 1980, the Chippewa County Probate Court held that appellants were not heirs of Patrick Kinsella. Appellants appeal as of right.

The record discloses that Patrick Edward Kinsella, then a sailor on a Great Lakes boat, and

Rose Ann McMillan were married on May 15, 1967, after she told him she was pregnant and that he was responsible for her pregnancy. In the fall, it became evident, by reason of her doctor's advice, that the birth would occur earlier than anticipated. This led to a discussion between Patrick and Rose Ann as to whether he was the father. On November 21, 1967, female twins were born to Rose Ann, the birth certificates indicating their names were Barbara Jo Kinsella and Rebecca Sue Kinsella.

On November 1, 1967, before the twins' birth, Patrick Kinsella filed a sworn complaint for annulment of the marriage. In his complaint, Patrick alleged, among other things, that "defendant [Rose Ann] was in fact pregnant but admitted on or about the 1st day of June, 1967, that said pregnancy was not related to this plaintiff".

On January 31, 1968, an attorney filed an appearance in the annulment proceedings on behalf of Rose Ann. On June 14, 1968, after Patrick and his mother, Myrtle Kinsella, testified at a hearing, a judgment of annulment of the marriage was awarded in which no reference was made to the twins. The judgment was approved by counsel for Rose Ann. Patrick remarried and three children were born of that union: Keith, Kenneth, and Kelly Kinsella, who are the appellees herein. Patrick died on August 29, 1979, at age 38.

In decedent's [Patrick] probate proceedings, the twins petitioned the probate court to find that they are heirs at law of Patrick. On May 27, 1980, a visiting probate judge[1] conducted a hearing and determined the sole heirs of Patrick Kinsella,

[1] Probate Judge Jack Church properly disqualified himself because he had acted as Rose Ann McMillan's attorney in the annulment case.

deceased, to be Keith, Kenneth, and Kelly Kinsella.

The trial court held that appellants were prevented from offering evidence that they are heirs of Patrick Kinsella by virtue of the annulment judgment awarded Patrick against Rose Ann. Counsel for appellees says that the underlying basis for the annulment awarded Patrick was his claim that Rose Ann admitted to him prior to birth of the twins that he was not the father. For whatever reason, Rose Ann and her counsel did not contest the annulment. Thus, appellees claim that the annulment judgment is res judicata regarding whether Patrick was the father of the twin girls.

In resolving this matter, the starting point is § 111, subds (2), (3) of the Revised Probate Code of 1978, which provides:

"(2) If a child is born or conceived during a marriage, both spouses are presumed to be the natural parents of the child for all purposes of intestate succession. A child conceived following artificial insemination of a married woman with the consent of her husband shall be considered as their child for all purposes of intestate succession. Consent of the husband is presumed unless the contrary is shown by clear and convincing evidence. If a man and a woman participated in a marriage ceremony in apparent compliance with the law before the birth of a child, even though the attempted marriage is void, the child is considered to be their child for all purposes of intestate succession.

"(3) Only the person presumed to be the natural parent of a child under subsection (2) may disprove any presumption that may be relevant to the relationship, and this exclusive right to do so terminates upon the death of the presumed parent."[2]

[2] MCL 700.111(2), (3); MSA 27.5111(2), (3).

Patrick Kinsella attempted to disprove the presumption that he was the twins' father by bringing an action for annulment of the marriage. As the record indicates, the twins were not represented in the annulment proceedings. This is not unusual; the paternity act[3] prescribes a procedure for determining filiation and requiring support where it exists. The statute does *not* require a guardian and separate representation for the child in a paternity case. The mere fact that a child is not separately represented in a contested annulment case or a contested paternity proceeding does not necessarily mean that the outcome of the case has no effect in a subsequent proceeding in which the child seeks to inherit as an heir at law from a deceased father.

However, a parent does not have power, merely by virtue of the parental relationship, to waive, release, or compromise claims of his or her child.[4] In the within case, there was not a contested trial. While counsel for the mother approved the annulment judgment, that stipulation did not, and could not, under *Tuer v Niedoliwka,*[5] deprive the twins of an opportunity for a full hearing on the merits to decide whether Patrick Kinsella was their father.

Consequently, we hold that the trial court erred in ruling that, in the 1980 determination of heirs hearing, the annulment judgment precluded admission of evidence that Patrick was the father of the twins. On the contrary, the 1968 annulment judgment does not preclude evidence on the paternity issue, and the transcript of the annulment

---

[3] MCL 722.711-722.730; MSA 25.491-25.510.

[4] *Tuer v Niedoliwka,* 92 Mich App 694, 698-699; 285 NW2d 424 (1979).

[5] *Id.*

hearing and the annulment judgment may be admitted as relevant evidence in the determination of heirs hearing.

Appellees contend that the mother "defaulted" in the annulment proceedings. As indicated, an attorney filed an appearance on her behalf and approved, in writing, the annulment judgment. Her attorney's approval was *not* limited as to form. This was not a default with the connotation the appellees attribute to it.

Appellees also characterize the annulment judgment as res judicata of the determination of heirs issue. Res judicata requires judgment upon the same matter at issue and between the same parties or their privies.[6] It is clear that different parties were involved in the annulment case than in the determination of heirs hearing in the probate proceedings. Where there is no identity of parties, res judicata does not apply.[7] Neither does the doctrine of collateral estoppel apply here so as to prevent the twins from making a showing that Patrick was their father.[8]

It may also be argued that if the twins had been represented in the 1968 annulment proceeding, they successfully could have objected "to the admission of the deceased's testimony as to non-access". However, when the annulment case was commenced, there were no children to· be represented, as they were not yet born. As indicated, in his complaint in the annulment proceedings, Patrick Kinsella alleged that Rose Ann McMillan admitted to him prior to the twins' birth that he was not the father. Thus, the issue in the annul-

---

[6] *Curry v Detroit,* 394 Mich 327, 331; 231 NW2d 57 (1975); *Ward v DAIIE,* 115 Mich App 30, 32; 320 NW2d 280 (1982).

[7] *Jordan v C A Roberts Co,* 379 Mich 235, 243; 150 NW2d 792 (1967).

[8] See Anno: 78 ALR3d 846, 850.

ment case was whether Rose Ann fraudulently induced Patrick to marry her by misrepresenting to him that he was the father of the child (children) to be born by her. The legal theory of an annulment is that no marriage ever existed because there was fraud in the inception.[9]

Patrick did not offer proof of non-access to Rose Ann in the annulment hearing. Rather, his testimony was limited to her alleged admission that he was not the father. Thus, appellants assert that the presumption of legitimacy was never disproved by the deceased during his lifetime in a manner binding upon the twins. When, in 1967, Patrick Kinsella decided, whether correctly or incorrectly, that he had *not* made Rose Ann pregnant, the options open to him were limited. The most obvious remedy was the annulment proceeding he selected. A fair reading of his sworn complaint compels the conclusion that he sought to disprove any presumption that he was the father to be.

The fact that Rose Ann did not force a contested trial of the issue in the annulment case cannot be used as the basis for an inference that Patrick failed to disprove paternity under MCL 700.111(3); MSA 27.5111(3). To date, there simply has not been a contested trial on the question of whether Patrick was the twins' father.

In light of the foregoing analysis, we cannot conclude that, as a matter of law, the twins are heirs at law of Patrick Kinsella. Even though the date is late, we believe the fair thing for all concerned would be a trial on the merits regarding paternity. We, therefore, set aside and reverse the trial judge's ruling that the annulment judgment requires a finding that the twins are not heirs at

[9] *Romatz v Romatz,* 355 Mich 81; 94 NW2d 432 (1959); *Gard v Gard,* 204 Mich 255; 169 NW 908; 11 ALR 923 (1918).

law of Patrick Kinsella and remand the case to the trial court for a trial on the issue of whether the twins are heirs at law of Patrick Kinsella consistent with this opinion. In that trial, evidence of the record of the annulment proceeding will be admissible, including testimony as to Rose Ann's directions to her attorney, her motives, and her understandings. In addition, all other evidence, including hospital and medical records, relevant and material to the issue, is admissible.

Reversed and remanded to the Chippewa County Probate Court.