455 A.2d 623

**Orlanda C. HUGHES**

v.

**Carl K. HUTT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1982.

Decided Jan. 28, 1983.

210

George A. Heitczman, Bethlehem, for appellant.

Alfred P. Antonelli, Bethlehem, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

At issue on this appeal is whether, in an action to determine paternity and support obligations, an alleged father may raise as a valid defense or counterclaim an allegation that the mother deceived him into believing that she was practicing birth control when, in fact, she was not.

Appellee Orlanda Hughes gave birth to twins on August 1, 1978, and filed a complaint for support against appellant

Carl K. Hutt on December 7, 1978.[1] Appellant denied paternity and demanded a jury trial. He also filed a "counterclaim," alleging that appellee had ceased taking birth control pills without telling him because she wished to become pregnant, and that, after becoming pregnant, she had refused his request that she have an abortion. On the basis of these allegations, appellant demanded that judgment be entered against appellee, or, in the alternative, that he be reimbursed by appellee for any payments which he should be ordered to make toward the support of the twins. The Court of Common Pleas of Northampton County sustained appellee's preliminary objections and dismissed the "counterclaim." The Superior Court affirmed, *Hughes v. Hutt*, 286 Pa.Super. 585, 428 A.2d 673 (1980), and this Court granted allowance of appeal. Because we agree that appellant's claim is irrelevant to the determination of the issue of paternity and invalid as either a defense or a counterclaim to an action for support, we affirm.

The procedure for determining paternity is governed by section 6704(g) of the Support Law, which provides:

"Trial of paternity.—Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be made by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil trial and there shall be no right to a criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence."

42 Pa.C.S. § 6704(g). As the court of common pleas properly concluded, this statute provides for a jury trial with respect to the determination of paternity alone. The language of the statute is unambiguous: if a jury trial is demanded, the jury is to decide whether the defendant is the father of the child for whom support is sought, and nothing more. See 1 Pa.C.S. § 1921(b) ("[w]hen the words of the

1. Appellee's complaint was filed pursuant to The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, § 1, formerly 62 P.S. § 2043.31 et seq., now 42 Pa.C.S. § 6701 et seq.

statute are clear and free from all ambiguity, the letter of it is not to be disregarded . . . "). Appellant's allegations and demands, whether styled a counterclaim or defense, have no relevance to the question of his paternity. Thus the court properly refused to permit appellant to present his allegations to a jury.

Appellant also contends that, in any event, he should be permitted to raise his allegations as a defense or counterclaim to the action for support if the jury should determine that he is the father of appellee's children. Appellant bases his contention upon a 1980 amendment to the Support Law which provides:

"Character of action.—An action brought under this subchapter shall be a civil action governed by general rules applicable to civil matters."

42 Pa.C.S. § 6704(f). Appellant maintains that because support actions are civil in nature and because the Rules of Civil Procedure permit defendants to raise counterclaims where the claim "arises from the same transaction or occurrence . . . from which the plaintiff's cause of action arose," Pa.R. Civ.Proc. 1031 & 1046, the trial court erred in dismissing his counterclaim to the action for support.

Appellant's reliance on section 6704(f) and the rules of civil procedure is misplaced. The amendment of the Support Law to include that section was merely a step in the Legislature's ongoing effort to decriminalize paternity and support proceedings, see Pa.R.Civ.Proc. 1910.15, Explanatory Note, and in no respect represents a legislative effort to broaden the scope of issues to be heard in such actions. So too, the Rules of Civil Procedure upon which appellant relies to assert his "counterclaim" are inapplicable to support proceedings. Since 1981, support actions in this Commonwealth have been governed by a special set of civil rules, none of which can be read to permit the entertaining of appellant's allegations at any stage of the proceedings. See Pa.R.Civ.Proc. 1910.1 et seq.

The only issues which are to be considered in a support action continue to be the needs of the child and the means of

both parents. See *Conway v. Dana,* 456 Pa. 536, 540, 318 A.2d 324, 326 (1974). Indeed, the possibility of fabricated accusations, the less than certain effectiveness of birth control methods, and the fact that claims like appellant's, if successful, could result in the denial of support to innocent children whom the Support Law was designed to protect, all illustrate that allegations of a mother's failure to use birth control have absolutely no place in a proceeding to determine child support.[2]

Accordingly, the order of the Superior Court which affirmed the order of the court of common pleas sustaining appellee's preliminary objections is affirmed.

Order affirmed.

**2.** Our conclusion is shared by the two other appellate courts which have addressed the same issue. See *Stephen K. v. Roni L.,* 105 Cal.App.3d 640, 164 Cal.Rptr. 618 (1980); *L. Pamela P. v. Frank S.,* 88 A.D.2d 865, 451 N.Y.S.2d 766 (1982).