*4 OPINION OF THE COURT
Wachtler, J.
The issue on this appeal is whether a father, whose paternity of a child has been established, may assert, as a defense to his support obligation the deliberate misrepresentation of the mother concerning her use of contraception. We agree with the Appellate Division that the mother’s alleged deceit has no bearing upon a father’s obligation to support his child or upon the manner in which the parents’ respective support obligations are determined. The order of the Appellate Division should therefore be affirmed.
Following a hearing on the paternity petition, Family Court made an order of filiation, having found by clear and convincing evidence that respondent is the father of petitioner’s child. Thereafter respondent endeavored to establish that petitioner, intending to have respondent’s child regardless of his wishes, misrepresented to him that she was using contraception. Although petitioner conceded that she was not, at the time of conception, using any form of birth control, she denied that any conversation concerning contraception took place.
Family Court found that petitioner had purposely deceived respondent with regard to her use of contraception and that this wrongful conduct should weigh in respondent’s favor in determining the parents’ respective support obligations. Thus, the Family Court held that the general rule that the apportionment of child support obligations between parents is to be based upon the parents’ means would not be applicable to the present case; rather, it held that an order of support would be entered against the father only in the amount by which the mother’s means were insufficient to meet the child’s needs.*
*5 The Appellate Division modified Family Court’s order, striking the defense of fraud and deceit and increasing the child support award accordingly. Noting that the only factors to be considered by Family Court in fixing an award of child support are the needs of the child and the means of the parents, the Appellate Division held that the father’s allegations concerning the mother’s fraud and deceit had no relevance to the determination of his obligation to support the child.
Although at one time the objective of paternity proceedings was merely to prevent a child born out of wedlock from becoming a public charge, it is now well established that the appropriate emphasis must be upon the welfare of the child (Schaschlo v Taishoff, 2 NY2d 408; Matter of Nardone v Coyne, 18 NY2d 626, affg 23 AD2d 819; Matter of J. [Anonymous], 50 AD2d 890, app dsmd 39 NY2d 741). The primary purpose of establishing paternity is to ensure that adequate provision will be made for the child’s needs, in accordance with the means of the parents.
This overriding concern for the child’s welfare is reflected in the provisions of article 5 of the Family Court Act. Once paternity is established, section 545 requires the court to “direct the parent or parents possessed of sufficient means or able to earn such means to pay * * * a fair and reasonable sum according to their respective means as the court may determine and apportion for such child’s support and education, until the child is twenty-one”. Thus, in determining the parents’ obligations to support their child, the statute mandates consideration of two factors — the needs of the child for support and education and the financial ability of the parents to contribute to that support. The statute does not require, nor, we believe, does it permit, consideration of the “fault” or wrongful conduct of one of the parents in causing the child’s conception. The purpose of the paternity proceeding and the imposition of support obligations being the protection of the child, the Family Court, as a court of limited jurisdiction, is simply not the proper forum for adjudicating disputes existing solely between the parents.
Respondent argues, however, that petitioner’s intentional misrepresentation that she was practicing birth *6 control deprived him of his constitutional right to decide whether to father a child. Recognizing that petitioner herself engaged in no State action by her conduct, respondent urges that imposition of a support obligation upon him under these circumstances constitutes State involvement sufficient to give vitality to his constitutional claim.
Assuming, without deciding, that sufficient State action is present in this case we conclude that respondent’s contentions fall short of stating any recognized aspect of the constitutional right of privacy.
Clearly, respondent has a constitutionally protected right to decide for himself whether to father a child (Carey v Population Servs. Int., 431 US 678; Eisenstadt v Baird, 405 US 438, 453). This right is deemed so fundamental that governmental interference in this area of decision-making may be justified only by compelling State interests (Carey v Population Servs. Int., supra, at p 686). Yet, the interest protected has always been stated in terms of governmental restrictions on the individual’s access to contraceptive devices (Griswold v Connecticut, 381 US 479; Eisenstadt v Baird, supra; Carey v Population Servs. Int., supra). It involves the freedom to decide for oneself, without unreasonable governmental interference, whether to avoid procreation through the use of contraception. This aspect of the right of privacy has never been extended so far as to regulate the conduct of private actors as between, themselves. Indeed, as the Appellate Division recognized, judicial inquiry into so fundamentally private and intimate conduct as is required to determine the validity of respondent’s assertions may itself involve impermissible State interference with the privacy of these individuals (see, also, Stephen K. v Roni L., 105 Cal App 3d 640).
The interest asserted by the father on this appeal is not, strictly speaking, his freedom to choose to avoid procreation, because the mother’s conduct in no way limited his right to use contraception. Rather, he seeks to have his choice regarding procreation fully respected by other individuals and effectuated to the extent that he should be relieved of his obligation to support a child that he did not voluntarily choose to have. But respondent’s constitutional entitlement to avoid procreation does not encompass a *7 right to avoid a child support obligation simply because another private person has not fully respected his desires in this regard. However unfairly respondent may have been treated by petitioner’s failure to allow him an equal voice in the decision to conceive a child, such a wrong does not rise to the level of a constitutional violation.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Fuchs-berg, Meyer and Simons concur.
Order affirmed, with costs.

 Family Court after a further hearing ordered respondent father to pay $790 per month toward the child’s support, whose needs had been found to require expenditures totaling $945 per month. Although the court expressed an intent to adhere to its prior determination that the mother should, so far as possible, bear the burden of support, an examination of the mother’s financial circumstances apparently convinced the court that she could not bear a large part of this burden without substantially diminishing her ability to meet her own needs. Respondent, on the other hand, stipulated to his ability to provide whatever amount of support the court ordered.