FASKE v BONANNO

Docket No. 74210. Submitted July 16, 1984, at Detroit.—Decided September 5, 1984.

Sandra K. Faske brought a paternity action against Antonio Bonanno in Wayne Circuit Court. The court, Marianne O. Battani, J., found that defendant was the father of the child and entered an order of filiation and child support. Defendant appealed, alleging that plaintiff had fraudulently represented that she was taking birth control pills and that, by ordering defendant to pay support, the court allowed plaintiff to advance her fraud. *Held:*

Fraud or misrepresentation by the mother is no defense to a paternity action. The circumstances of a child's conception do not give rise to an exception to the rule that parents are obligated to support their children.

Affirmed.

1. PARENT AND CHILD — PATERNITY ACTION — FRAUD — CONTRACEPTION.

Fraud or misrepresentation as to contraceptive protection by a mother is no defense to an action under the Paternity Act; parents have an obligation to support their children and the circumstances of a child's conception do not give rise to an exception to the rule.

2. PARENT AND CHILD — PATERNITY ACTION — WAIVER OF CHILD'S CLAIM.

A parent cannot, merely by virtue of being the parent, waive, release or compromise a child's claim in a paternity action.

*J. Robert Rock* for plaintiff.

*Margaret Barton* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards § 93.

Misrepresentation regarding sterility or use of birth control. 31 ALR4th 389.

[2] 10 Am Jur 2d, Bastards § 98.

Before: V. J. BRENNAN, P.J., and ALLEN and GRIBBS, JJ.

PER CURIAM. Defendant appeals as of right from an order of paternity entered September 20, 1983, following a bench trial held on plaintiff's action under the Michigan Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.* Blood tests admitted on stipulation of the parties showed a 99.8% probability that the defendant was the child's father.

Defendant does not seriously contest the finding of paternity but claims that it is unjust to order support when the plaintiff fraudulently represented that she was taking birth control pills, when she in fact was not taking them. Therefore, defendant argues, plaintiff should not be allowed to advance her fraud by placing the financial burden on the defendant.

No Michigan decision has ruled on this issue. However, other jurisdictions have resolved the issue against defendant. *Stephen K v Roni L,* 105 Cal App 3d 640; 164 Cal Rptr 618 (1980); *Hughes v Hutt,* 500 Pa 209; 455 A2d 623 (1983); *L Pamela P v Frank S,* 59 NY2d 1; 462 NYS2d 819; 449 NE2d 713 (1983). We see no reason why Michigan should rule differently.

Fraud or misrepresentation as to contraceptive protection by the mother should not be a defense under Michigan's Paternity Act. Parents have an obligation to support their children and the circumstances of a child's conception do not give rise to an exception to that rule. A parent cannot, merely by virtue of being the parent, waive, release, or compromise a child's claim in a paternity action. *Tuer v Niedoliwka,* 92 Mich App 694, 698-699; 285 NW2d 424 (1979). Since a child may not

suffer for a parent's release of the child's claim, neither should the child suffer from one of the parents' "fault" regarding the conception.

Affirmed.