■ In the Matter of DAVID J. CLOVSKY, as Commissioner of Social Services of Chemung County, et al., Respondents, v JEFFREY SS., Appellant.—Casey, J. Appeal from that part of an order of the Family Court of Chemung County (Danaher, Jr., J.), entered August 30, 1988, which, in a proceeding pursuant to Family Court Act article 5, granted respondent's motion to dismiss the petition, without prejudice.

Petitioner instituted this proceeding to adjudicate respondent the father of a child born out of wedlock to Pamela TT. Shortly before the scheduled hearing date, the mother admitted that she had had sexual relations with other men during the period of possible conception, contrary to the response which she had given in answer to respondent's demand for a bill of particulars. Contending that he had prepared a defense based upon the original representation made by the mother, respondent moved to dismiss the proceeding. Family Court denied the motion and offered to adjourn the hearing to afford respondent additional time to prepare a defense in light of the mother's admission. When respondent stated that he was willing to proceed with the hearing, petitioner indicated that he was not ready. Respondent again moved to dismiss and Family Court granted the motion, but without prejudice to renewal at a later date. Respondent appeals, contending that Family Court erred in failing to grant his request that the dismissal be with prejudice.

"The primary purpose of establishing paternity is to ensure that adequate provision will be made for the child's needs, in accordance with the means of the parents" (Matter of L. Pamela P. v Frank S., 59 NY2d 1, 5). In addition, we have said that "since paternity statutes are intended, inter alia, to protect public funds, welfare officials are to be given the widest latitude to establish paternity of illegitimate children who are, or are likely to become, public charges" (Matter of

*Van Alstyne v David Q.*, 92 AD2d 971, 972). Since dismissal of this proceeding with prejudice would be inconsistent with the overriding concern for the child's needs and the interest in preserving public funds, the order should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.