### BEARD v SKIPPER

Docket No. 110257. Submitted October 10, 1989, at Detroit. Decided February 20, 1990.

Cynthia Beard obtained a judgment of paternity against Nathan Richard Skipper, Jr., in the Oakland Circuit Court, Jessica R. Cooper, J. The court ordered defendant to pay child support. Defendant appealed, claiming that the trial court should have considered plaintiff's misrepresentation as to her use of birth control as a mitigating factor in determining defendant's child support obligation.

The Court of Appeals *held:*

Fraud or misrepresentation as to contraceptive protection by a mother is no defense to an action under the Paternity Act. Parents have an obligation to support their children and the circumstances of a child's conception do not give rise to an exception to the rule. Thus, a father whose paternity has been established may not assert as a defense to his support obligation the deliberate misrepresentation by the mother concerning her use of contraceptives.

Affirmed.

1. PARENT AND CHILD — PATERNITY ACTION — FRAUD — CONTRACEPTION.

Fraud or misrepresentation as to contraceptive protection by a mother is no defense to an action under the Paternity Act; parents have an obligation to support their children and the circumstances of a child's conception do not give rise to an exception to the rule.

2. PARENT AND CHILD — PATERNITY ACTION — WAIVER.

A parent cannot, merely by virtue of being the parent, waive, release or compromise a child's claim in a paternity action.

*Alan R. Devine, Jr.,* for plaintiff.

REFERENCES

Am Jur 2d, Bastards §§ 93, 98.

See the Index to Annotations under Birth Control; Custody and Support of Children; Fraud and Deceit; Legitimacy of Children.

*Gage, Herzfeld & Rubin* (by *Noel E. Gage* and *Mark M. Snitchler*), for defendant.

Before: SAWYER, P.J., and WEAVER and NEFF, JJ.

NEFF, J. Defendant Nathan Richard Skipper, Jr., appeals as of right from a judgment of paternity, ordering him to pay $340 per week to plaintiff Cynthia Beard for the support of Jessica Lynn Chase. We affirm.

I

Defendant contends that plaintiff's misrepresentation as to her use of birth control can be used as a mitigating factor when computing defendant's contribution towards the child support obligation where each parent is financially able to bear the full cost of child support. We disagree.

In *Faske v Bonanno,* 137 Mich App 202; 357 NW2d 860 (1984), a paternity case, the defendant claimed that it was unjust to order him to pay child support because the plaintiff fraudulently represented that she was using birth control pills when she, in fact, was not using them. The defendant further claimed that the plaintiff should not be allowed to advance her fraud by placing the financial burden of child support on him. In *Faske, supra,* pp 203-204, this Court affirmed the order of paternity and stated:

> Fraud or misrepresentation as to contraceptive protection by the mother should not be a defense under Michigan's Paternity Act. Parents have an obligation to support their children and the circumstances of a child's conception do not give rise to an exception to that rule. A parent cannot, merely by virtue of being the parent, waive, release, or compromise a child's claim in a paternity

action. *Tuer v Niedoliwka,* 92 Mich App 694, 698-699; 285 NW2d 424 (1979). Since a child may not suffer for a parent's release of the child's claim, neither should the child suffer from one of the parents' "fault" regarding the conception.

We agree with the *Faske* panel and find that plaintiff's alleged fraud or misrepresentation as to contraceptive protection is not a defense available to defendant. We are unpersuaded by defendant's attempt to distinguish *Faske* by arguing that a child's right to support is not waived, released, or compromised when the issue of contraception is used merely as a mitigating factor in apportioning child support.

The purpose of the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.,* is to provide for the support of a child born out of wedlock. *In re Flynn,* 130 Mich App 740, 754; 344 NW2d 352 (1983). The parents of a child born out of wedlock are liable for the necessary support and education of the child. MCL 722.712; MSA 25.492. A support order under the act should take into consideration the living situation of the child, the amount of care and support available from the mother, and the father's ability to pay. *Houfek v Shafer,* 7 Mich App 161, 170; 151 NW2d 385 (1967). The act does not require that we consider the "fault" of one of the parents in causing a child's conception.

In a fact situation analogous to this case, the New York Court of Appeals reached a similar result. See *L Pamela P v Frank S,* 59 NY2d 1; 462 NYS 819; 449 NE2d 713 (1983), where that court held that a father, whose paternity of a child had been established, may not assert as a defense to his support obligation the deliberate misrepresentation by the mother concerning her use of contraceptives.

## II

The father in *L Pamela P,* like defendant here, also argued that the mother's intentional misrepresentation that she was practicing birth control deprived him of his constitutional right to decide whether to father a child. The court in *L Pamela P* assumed, without deciding, that sufficient state action was present in the case, but decided that the father's contentions fell short of stating a recognized aspect of the right of privacy. The court stated:

> [R]espondent's constitutional entitlement to avoid procreation does not encompass a right to avoid a child support obligation simply because another private person has not fully respected his desires in this regard. However unfairly respondent may have been treated by petitioner's failure to allow him an equal voice in the decision to conceive a child, such a wrong does not rise to the level of a constitutional violation. [*L Pamela P, supra,* pp 6-7.]

We see no reason why Michigan should decide this issue differently.

## III

Defendant's remaining issues merit neither discussion nor reversal.

Affirmed.