■ In the Matter of KAREN BETH B., Respondent, v DOUGLAS G., Appellant. [627 NYS2d 367] —Order, Family Court, New York County (Sheldon Rand, J.), entered on or about April 29, 1993, which denied respondent's objections to the Hearing Examiner's orders of filiation and support, unanimously affirmed, without costs.

The Affidavit of Relinquishment of Parental Rights signed by respondent father, apart from its noncompliance with the requirements of Texas Family Code § 15.03 (a) that such an affidavit be signed after the birth of the child by the parent whose parental rights are to be relinquished and verified before a person authorized to take oaths, is ineffective by itself to terminate parental rights, which only a court can do. The purpose of a paternity proceeding and the imposition of support obligations being the welfare of the child (*Matter of L. Pamela P. v Frank S.*, 59 NY2d 1, 5), a parent should not be able to avoid his duty to support the child by claiming that the other parent is guilty of laches or otherwise estopped from seeking support because she once requested that he sign a relinquishment of his parental rights or waited some seven or eight years to commence a support proceeding (*see, Matter of Discenza [Lorraine NN.] v Dann OO.*, 148 AD2d 196, 198, *lv dismissed* 75 NY2d 765).

We have considered respondent's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Ross, Williams and Tom, JJ.