■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of ROSEMARY P., Appellant, v JESSE D., Respondent. [639 NYS2d 489]

Prior to the instant paternity proceeding, the petitioner, on behalf of the mother, commenced three paternity proceedings against the respondent. None of these prior proceedings was adjudicated on the merits or dismissed with prejudice. After the third paternity proceeding was dismissed, the respondent executed an agreement denying paternity and consenting to the child's adoption. However, adoption of the child never took place.

The Family Court erred in dismissing the proceeding on the ground that the petitioner was equitably estopped from asserting paternity. The primary purpose of paternity proceedings is to insure that adequate provision will be made for the child's needs in accordance with the means of the parents *(see, Matter of Pamela P. v Frank S.,* 59 NY2d 1), and proceedings to establish paternity may be instituted until the child reaches 21 years of age *(see,* Family Ct Act § 517). A putative parent should not be able to avoid his duty of support by merely claiming that he consented to adoption *(see, Matter of Karen Beth B. v Douglas G.,* 216 AD2d 12; *Matter of Harvey-Cook v Neill,* 118 AD2d 109). Furthermore, the mere fact that three prior proceedings were commenced, which were not adjudicated on the merits or dismissed with prejudice, is insufficient to effect an estoppel. Miller, J. P., Joy, Hart and Krausman, JJ., concur.