OPINION OF THE COURT
Michael J. Miller, J.
Petitioner has filed objections to the findings of fact of the *69 Hearing Examiner. Respondent has not filed rebuttal to the objections.
The court has reviewed the objections, the pleadings, the tape-recorded hearing and the evidence submitted and finds that the findings of fact of the Hearing Examiner are supported by credible evidence and are not erroneous as a matter of law. (Matter of Weiner v Weiner, 97 Misc 2d 920 [1979].)
Petitioner has objected to the Hearing Examiner’s determination that the petitioner, the Monroe County Department of Social Services (Department), on behalf of a recipient of Medicaid, did not have standing to bring a petition to establish respondent’s paternity of and child support obligation for the subject child of the parties where mother and child are in receipt of Medicaid benefits only and are not receiving public assistance. The court agrees with the Hearing Examiner’s determination in this matter. It is the assignment to the Department by a person in receipt of public assistance of his or her rights to child support pursuant to Social Services Law § 111-b (2) and the standing conferred by Family Court Act § 522 in cases where a person is or is likely to become a public charge which establishes the Department’s standing to bring petitions for this relief. A person who receives Medicaid must only assign to the Department benefits available to him or her individually from any third party for care or other medical benefits or for support for the purpose of medical care. (Social Services Law § 366 [4] ¡h] [1].) The recipient of Medicaid is not required to assign rights to basic child support. A person in receipt of Medicaid must, as a condition of initial or continued eligibility for Medicaid, cooperate in establishing, modifying or enforcing an order of support for their children unless such cooperation would be detrimental to the children involved. (Social Services Law § 366 [4] [h] [2].) Therefore, in cases where only Medicaid benefits are provided, standing is not conferred on the Department to establish paternity or basic child support under the statutory scheme. Instead, the Department may mandate that the recipient cooperate by bringing and pursuing petitions for paternity and child support unless doing so would be contrary to the best interests of the child. In the case now before the court, the assignor was noticed to appear in court on two occasions and did not appear and the petition was properly dismissed by the Hearing Examiner.
In light of the above, the findings of fact and order of the Hearing Examiner are confirmed.