■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of KRISTA A. ROBERTS, Appellant, v JOSHUA M. CRIPPEN, Respondent. [793 NYS2d 555]—

Rose, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered January 15, 2004, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

Respondent and Krista A. Roberts (hereinafter the father and the mother) are the teenage parents of a child born in 2003. Petitioner, on behalf of the mother, commenced this proceeding seeking child support and an order directing the father to pay the child's medical expenses since birth. Following a hearing, the Support Magistrate ordered the father to provide support limited to the medical expenses. When petitioner objected, Family Court affirmed the order.

On appeal, petitioner contends that Family Court improperly denied a general child support order because petitioner is authorized to seek "the support of any person cared for at public expense" (Social Services Law § 102 [1]) and the child here is such a person due to her receipt of Medicaid benefits. We are not persuaded, however, that Social Services Law § 102 (1) authorizes petitioner to obtain a general support award where Medicaid is the only public care provided. The record contains no assignment of the mother's rights to seek child support and no indication that any public assistance other than Medicaid has been sought or provided for the child. Inasmuch as Social

Services Law § 366 (4) (h) (1) requires a recipient of Medicaid to assign to petitioner any claim for "support for the purpose of medical care" only, Family Court did not err in concluding that the child's receipt of Medicaid benefits afforded petitioner authority to obtain only medical support from the father (*see Matter of Schauseil v Rodriguez*, 183 Misc 2d 68, 69 [1999]). We have considered petitioner's remaining contentions and find them to be without merit.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.