Matter of Monroe County Dept. of Human Servs. (Marissa T.) v Shunte W. (2006 NY Slip Op 52324(U))

[*1]

Matter of Monroe County Dept. of Human Servs. (Marissa T.) v Shunte W.

2006 NY Slip Op 52324(U) [13 Misc 3d 1243(A)]

Decided on November 28, 2006

Family Court, Monroe County

Sciolino, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 28, 2006

Family Court, Monroe County
In the Matter of a Paternity Proceeding Monroe County Department of Human Services o/b/o Marissa T., Petitioner
against
Shunte W., Respondent.
xx/06

Daniel M. DeLaus, Jr., Esq., County Attorney
Attorney for Petitioner
Kim Koske Taylor, Esq., of Counsel
Shunte W.,
Respondent, Pro Se

Anthony J. Sciolino, J.
The above named Petitioner (DHS), pursuant to the provisions of §439 of the Family Court Act, has filed written objections to the Order of Dismissal of the Support Magistrate. The petition for an order of filiation and a medical support order against Respondent was dismissed because the assignor, Marissa T., did not appear at the hearing. The Support Magistrate ruled that traditionally Medicaid has not been considered public assistance which means that the mother was the only interested party on the paternity matter. Therefore, DHS had no standing to establish paternity without [*2]the mother's appearance. The Court has reviewed the pleadings, written objections and the recorded hearing and finds as follows:
The Department of Human Services Has
Standing to Petition for a Support Order
Pertaining to Medical Coverage Alone
In Schauseil ex rel. Seda v. Rodriguez, (183 Misc 2d 68, 702 NYS2d 525 [N.Y.Fam.Ct.1999]), the Court states that "in cases where only Medicaid benefits are provided, standing is not conferred on the Department [DHS] to establish paternity or basic child support under the statutory scheme." The statutory scheme, however, changed in 2002 with the law now requiring that every support order contain a provision addressing health insurance (Family Court Act § 440[6]). If the non-custodial parent has health insurance benefits available at a reasonable cost, that parent is legally responsible to provide medical coverage to the child (Id. at § 416[c] & [d][1],[2]). If not, then the custodial parent is required to apply for Medicaid (Id. at § 416[e][2][iii]). Public funds are then used to provide medical coverage for the child. As DHS notes in its objection, "New York State spends more funds for medical insurance than direct cash assistance" (citing Alan F. Hevesi, 2005 Comptroller's Report on the Financial Condition of New York State-For Fiscal Year Ended March 31, 2005). Social Services Law § 2(18) defines this type of medical assistance as "public assistance."
There is no question that parents, who have a legal obligation to support their children (Family Court Act § 413[1][a]), have standing to petition for an order that includes health care coverage and to have the Court decide which parent is financially able to provide that coverage. When the financial burden falls on the State, it should also have standing to bring the matter before the Court to determine if it truly is the "payer of last resort" (Sen. Rep. 146, 99th Cong., 2d Sess., 1, 312, reprinted in 1986 U.S. Code Cong. & Admin, News, 279).
As an administrator of public funds, DHS must seek reimbursement from third parties.
A State participating in the Medicaid program must "take all reasonable measures to ascertain the legal liability of third parties * * * to pay for care and services available under the [Medicaid] plan" (42 USC §§ 1396a [a] [25] [A]) and, whenever medical assistance is provided to an eligible recipient, the State must "seek reimbursement" from such third parties (42 USC § 1396a [a] [25] [B]). The relevant Federal regulations define "third party" to include "any individual * * * that is or may be liable to pay all or part of the expenditures for medical assistance furnished under a State plan" (42 CFR 433.136). Nothing in the pertinent provisions of Federal law precludes a State from statutorily declaring a fatherwhether or not wed to the mother to be such a "third party" ***, which New York has done under sections 514 and 545 of the Family Court Act. (Steuben County Dept. of Social Services v. Deats, 76 NY2d 451, 560 NYS2d 404 [1990]).
In order to follow that directive, DHS must first determine who the "third party" is by legally establishing paternity.
[*3]The Department of Human Services Has
Standing to Bring a Paternity Petition When
the Sole Relief Requested is Medical Coverage
"The primary purpose of establishing paternity is to ensure that adequate provision will be made for the child's needs, in accordance with the means of the parents" (Matter of L. Pamela P. v. Frank S., 59 NY2d 1,5, 462 NYS2d 819, 449 NE2d 713, see also Clovsky v. Jeffrey S.S., 152 AD2d 839, 544 NYS2d 46 [N.Y.A.D. 3 Dept 1989],
46 NY Jur. 2d Domestic Relations § 719). In the present case, the mother has the means to supply everything but medical coverage, which is being provided through Medicaid.
The State's interest in establishing paternity is to protect society from having to bear the financial burden of supporting children born out of wedlock (41 Am. Jur. 2d Illegitimate Children § 44). Therefore, welfare officials are to be given the widest latitude to establish paternity of illegitimate children who are, or are likely to become, public charges (Van Alstyne on Behalf of P. v. David Q., 92 AD2d 971, 460 NYS2d 848, [N.Y.A.D. 3 Dept 1983] citing Matter of Commissioner of Social Servs. of City of NY v. Oliver P., 97 Misc 2d 957,959,412 NYS2d 987).
In dismissing the petition, the Support Magistrate stated that because paternity is a private matter the mother was a necessary party at the hearing and DHS could not proceed without her. We disagree. Paternity ceases to be a private matter when the "mother or child is or is likely to become a public charge" (Family Court Act § 522).
In order for the child to receive Medicaid the mother, Marissa T., was required to assign to DHS her rights for any medical care benefits that she may have received from a third party (Social Services Law § 366[4][h][1]; see also § 348[2]). In this case that would include the father or his employer's health benefits. "An unqualified assignment transfers all subject rights and interests including incidental rights possessed by the assignor to the assignee." (Monroe County Department of Human Services o/b/o April D. vs. Herman LeFlore, Monroe County Family Court, Acting FCJ Robert B. Wiggins, Docket No. P-14203-05, April 5, 2006, citing 6A NY Jur. 2d, Assignments §§ 64, 69).
In the instant case that would include the mother's right to establish paternity and obtain financial support and medical benefits from the father. As the assignee, while the assignor is eligible for family assistance (Social Services Law § 348[3]), DHS has standing to petition the court to establish paternity so as to obtain the same relief.
The objection is sustained for the reasons set forth herein.
That being the case, the September 21, 2006 Order of Dismissal is vacated and the matter is remanded to the Support Magistrate for a hearing on both the issue of paternity and medical coverage.
This constitutes the Order of the Court.
Dated this 28th day of November, 2006 at Rochester, New York.

Anthony J. Sciolino
[*4]
Family Court Judge