## Alexandria

### JOHN D. HUR

v.

### VIRGINIA DEPARTMENT OF SOCIAL SERVICES

DIVISION OF CHILD SUPPORT ENFORCEMENT, ex rel.

MICHELLE KLOPP,

and

SHARON K. KLOPP, an infant, by her Guardian ad Litem

No. 0282-90-4

Decided September 10, 1991

COUNSEL

Conrad J. Marshall, for appellant.

Paul B. Ebert, Commonwealth's Attorney, for appellee Department of Social Services.

Richard F. Wheeler, Guardian *ad Litem*, for appellee Sharon K. Klopp.

OPINION

**BENTON, J.**—John D. Hur appeals from an order requiring him to pay support for his daughter, denying his motions to file a counterclaim and to have a jury trial, and denying his oral request for visitation. Hur presents eighteen questions on this appeal. We have synthesized those questions into six issues that are separately discussed in the opinion with the facts pertinent to each issue. We affirm the judgment on all issues except for the denial of visitation, which we reverse and dismiss.

## I. COUNTERCLAIM

This proceeding was initiated when Michelle Klopp filed a child support petition in the juvenile court. The juvenile court ordered Hur to pay $200 per month for his daughter's support. Hur noted his appeal to the circuit court and appeared six months later before the circuit court requesting an extension of time to file an answer, grounds of defense, and counterclaim. The circuit judge allowed the untimely filing of the answer and grounds of defense, but refused to allow Hur to file a counterclaim for monetary damages. Hur contends the trial judge erred in denying his request to file the counterclaim, which alleges that Klopp intentionally inflicted emotional harm upon Hur by seducing him, refusing to obtain an abortion, and refusing to place the child for adoption.

 "The time allowed for filing pleadings may be extended by [a] court in its discretion." Rule 1:9; *see Williams v. Service Inc.*, 199 Va. 326, 329, 99 S.E.2d 648, 651 (1957). "Rule 1:9 is not intended to prevent a defendant from making a full defense, but to expedite the causes before the court and avoid delay through dilatory tactics." *Emrich v. Emrich*, 9 Va. App. 288, 292-93, 387 S.E.2d 274, 276 (1989)(citation omitted). Hur's counterclaim for

money damages was an attempt to inject matters irrelevant to the issue then pending before the circuit court. Hur's allegations that Klopp seduced him when she was fifteen and he was nineteen and that she decided to keep their child contrary to his wishes, thereby causing emotional distress and loss to his estate, have no place in · a proceeding to determine child support. The trial judge did not abuse his discretion in denying the request to file an untimely counterclaim which would have injected tort-based claims in an equity suit to determine child support.

## II. JURY TRIAL FOR PLEA IN EQUITY

Hur contends that the trial court erred in denying his request pursuant to Code § 8.01-336(D) for a jury trial. We disagree. Code § 8.01-336(D) states:

In any action in which a plea has been filed to an equitable claim, and the allegations of such plea are denied by the plaintiff, either party may have the issue tried by jury.

 "[A] plea is a pleading which alleges a single state of facts or circumstances . . . which, if proven, constitutes an absolute defense to the claim." *Nelms v. Nelms*, 236 Va. 281, 289, 374 S.E.2d 4, 9 (1988). Hur stipulated paternity. He maintained that a jury should have been impaneled to determine whether he should be relieved of his obligation to support the child due to violation of his rights by Klopp's seduction of him and decision to keep the child. Assuming Hur's allegations to be true, they do not constitute a bar to the enforcement of his support obligations. It has long been the policy in Virginia that "[b]oth parents of a child owe that child a duty of support during minority." *Rippe v. Rippe*, 3 Va. App. 506, 509, 351 S.E.2d 181, 182 (1986)(quoting *Featherstone v. Brooks*, 220 Va. 443, 448, 258 S.E.2d 513, 516 (1979)).

The New York Court of Appeals addressed a similar issue in *In re L. Pamela P. v. Frank S.*, 59 N.Y.2d 1, 449 N.E.2d 713, 462 N.Y.S.2d 819 (1983).

[The father] seeks to have his choice regarding procreation fully respected by other individuals and effectuated to the extent that he should be relieved of his obligation to support a child that he did not voluntarily choose to have. But [the fa-

ther's] constitutional entitlement to avoid procreation does not encompass a right to avoid a child support obligation simply because another private person has not fully respected his desires in this regard. However unfairly [the father] may have been treated by [the mother's] failure to allow him an equal voice in the decision to conceive a child, such a wrong does not rise to the level of a constitutional violation.

*Id.* at 6-7, 449 N.E.2d at 715-16, 462 N.Y.S.2d at 821-22. We agree with that Court's express rejection of the father's argument that the mother's intentional conduct deprived him of a right to decide whether to father a child.

The issue whether to impanel a jury is left to the trial court's sound discretion and will not be reversed absent an abuse of discretion. *See* Code § 8.01-336(E); *Nelms*, 236 Va. at 290, 374 S.E.2d at 9-10. On this record, we find no such abuse or error.

### III. CONSTITUTIONALITY OF SUPPORT STATUTES

Hur challenges the constitutionality of Virginia's support provisions. He contends that they violate the Equal Protection Clause of the United States Constitution and Article I, Section 11 of the Virginia Constitution by requiring all fathers, rather than just willing and intentional fathers, to pay child support. He further asserts that the support statutes violate the Due Process Clause of the Fourteenth Amendment by creating an irrebuttable presumption, based on paternity alone, that a father intended a child's birth. The arguments lack merit.

Child support has long been recognized as an obligation owed to the infant child, not the payee parent. This duty arises from principles of natural law. *McClaugherty v. McClaugherty*, 180 Va. 51, 65, 21 S.E.2d 761, 767 (1942). The requirement that all fathers owe a duty of support to their children is necessarily related to the compelling governmental interest of preserving the welfare of children. *Cf. McKeel v. McKeel*, 185 Va. 108, 116, 37 S.E.2d 746, 750 (1946). Including all parents in the class of those obligated to pay support is neither overbroad nor violative of the Equal Protection Clause.

To hold otherwise would violate the daughter's right to equal protection under the law. The United States Supreme Court wrote that "a State may not invidiously discriminate against ille-

gitimate children by denying them substantial benefits accorded children generally." *Gomez v. Perez*, 409 U.S. 535, 538 (1973)(per curiam). A distinction drawn between wanted and unwanted children would not be any less invidious.

Hur errs in characterizing Code § 20-108.2(A) as creating an irrebuttable presumption. Code § 20-108.2(A) establishes a rebuttable presumption as to the level of support owed by a particular parent. The administrative agency or trial court determining the obligation may deviate from the presumptive figures "as determined by relevant evidence pertaining to the factors set out in [Code] §§ 20-107.2 and 20-108.1." Code § 20-108.2(A). Code § 20-107.2(2)(h) requires a consideration of "[s]uch other factors . . . as are necessary to consider the equities for the parents and children." Thus, a parent is afforded an opportunity to persuade the factfinder that the presumptive support obligation is inapplicable. The meaningful opportunity afforded by this statute satisfies minimal due process concerns.

## IV. SEDUCTION AND ENTRAPMENT

Hur next contends that the evidence sufficiently proved that Klopp seduced and entrapped him.

Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where . . . the [trial] court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.

*Martin v. Pittsylvania County Dep't of Social Servs.*, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)(citation omitted).

The evidence sufficiently demonstrated that Hur voluntarily engaged in sexual relations with Klopp. It showed that Hur began dating Klopp in the summer of 1985. At the time, Hur was a nineteen year old college freshman. Klopp was a fifteen-year-old high school freshman participating in a basketball camp for which Hur was a counselor. They first had sexual intercourse on Hur's twentieth birthday and frequently engaged in sexual relations during the following months. Nothing in the record suggests that Hur was ignorant of the potential consequences of his acts. On Hur's

testimony alone, the trial judge properly concluded that there was no seduction or entrapment and that Hur was liable for child support payments. We find no error.

## V. CHILD SUPPORT AWARD

Hur asserts that the trial judge abused his discretion by imputing an income to him, by setting a monthly payment higher than the presumptive amount, and by ordering retroactive payments. We disagree and affirm the trial judge's ruling.

The evidence demonstrated that Hur was a nineteen-year-old college freshman when he first met Klopp. At the time this case was tried, Hur was twenty-four years old and a rising junior at the third college which he had attended. He worked part-time at a country club golf shop, earning slightly more than the minimum wage. Although his monthly expenses exceeded his gross income, the trial judge found Hur to be "twenty-four years of age, with no mental problems, and no health problems." The trial judge discredited much of Hur's evidence concerning the debt he allegedly owed to his parents. We find no evidence to the contrary and uphold the trial judge's findings.

In calculating a child support award, the trial judge is authorized to consider "the earning capacity . . . of each party." Code § 20-107(2)(d); Code § 20-108.2(A). The award must be made on the circumstances existing at the time it is made. *Payne v. Payne*, 5 Va. App. 359, 364, 363 S.E.2d 428, 430 (1987). The primary issue before a trial judge is the welfare and best interests of the child, not the convenience or personal preference of a parent. Thus, just as a parent may not "purposely choose to pursue a low paying career which operates to the detriment of [the parent's] children," *id.* at 364, 363 S.E.2d at 431, a parent does not have the unfettered right to remain unproductive under the shelter of college enrollment so as to avoid support obligations. "Where the interest of the child demands it, the rights [or preferences] of the father . . . may be disregarded." *Forbes v. Haney*, 204 Va. 712, 716, 133 S.E.2d 533, 536 (1963) (citations omitted). Hur failed to present evidence as to his career plans and to establish that he was making sincere and substantial efforts to achieve such goals. Hur left the trial judge with no indication that a continuation of his prolonged college career would operate to his daughter's best interests " 'within the immediate or reasonably foresee-

able future.' " *Srinivasan v. Srinivasan,* 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990).

This same evidence sufficiently demonstrated that Hur was voluntarily under-employed within the meaning of Code § 20-108.1(B)(3). Hur admitted that he could probably obtain employment "with the post office or Sears or any other place in the country or area that wouldn't require a college education." Instead, he testified that he continued to mount debts of an uncertain amount which he owed to his parents. He specified no concrete career plans and indicated that his college performance was lackluster. He testified that he did work full-time during the summer breaks between semesters. For the same reasons enunciated above, we find no error in the trial judge imputing a higher income to Hur.

We find no merit to Hur's contention that the trial judge improperly applied Code § 20-108.2. The trial judge's calculation of the nominal support award was based upon income appropriately imputed to Hur. The evidence must only enable the trial judge reasonably to project what amount could be anticipated. We have reviewed the evidence and the trial judge's application of the law to the case and find no abuse of discretion. The evidence sufficiently supported the child support award.

The trial judge ordered Hur to pay child support effective the date he received notice of the original support petition. We find no error. Hur received notice of the petition for child support on May 13, 1987. The juvenile judge ordered Hur to pay support on January 25, 1989, with payments to begin February 1. Hur immediately appealed that order to the circuit court. Code § 16.1-296 provides that a final order of support of a juvenile court "may be taken in accordance with the provisions of Chapter 7 . . . of [this title]." Code § 16.1-136 of Chapter 7 governed Hur's appeal.

> [A]n appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial. . . . [S]uch a trial *de novo* in the circuit court grants to the litigant every advantage which would have been his had the case been tried originally in such court.

*Peple v. Peple,* 5 Va. App. 414, 419, 364 S.E.2d 232, 236 (1988)(quoting *Walker v. Department of Public Welfare,* 223 Va.

557, 563, 290 S.E.2d 887, 890 (1982)). This remains true even if the circuit court refuses to suspend the effect of the order pending the appeal pursuant to Code § 16.1-298(B)(i). *See Walker*, 223 Va. at 561, 290 S.E.2d at 889 (Code § 16.1-298 was "enacted to provide continuity and stability in cases of children who are the subjects of litigation").

■ Our Supreme Court "adopted the rule 'that the time permanent alimony shall commence is within the sound discretion of the court and *may* be made effective as of the date of the commencement of the suit.' " *Young v. Young*, 215 Va. 125, 126, 207 S.E.2d 825, 825 (1974) (per curiam) (emphasis in original)(quoting *Lawrence v. Lawrence*, 212 Va. 44, 47, 181 S.E.2d 640, 642 (1971)). We find no reason why this same rule should not apply to child support orders. Thus, it was within the trial court's sound discretion to award child support effective the date Hur received notice. We find no abuse of that discretion.

## VI. VISITATION

Hur also contends that the trial judge erred in denying his request for visitation. We do not reach the merits of this argument because the request for visitation was not properly before the trial judge.

■ Hur's failure to file a petition for visitation precluded the trial court from considering his request. Relief of any type will only be granted when a party specifically requests the relief in a pleading filed in the proper court. *Boyd v. Boyd*, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986).

It is firmly established that no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed. "Pleadings are as essential as proof, and no relief should be granted that does not substantially accord with the case as made in the pleading."

*Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141, 277 S.E.2d 228, 229-30 (1981) (citations omitted). "The office of pleadings is to give notice to the opposing party of the nature and character of the claim, without which the most rudimentary due process safeguards would be denied." *Boyd*, 2 Va. App. at 19, 340 S.E.2d at 580 (citation omitted). No plead-

ing contained in the record placed the issue of visitation before the trial judge. The trial judge, therefore, should not have considered Hur's oral request. Accordingly, we reverse the trial court's ruling and dismiss Hur's request for visitation privileges. Our ruling does not prevent Hur from hereafter filing a request for visitation rights upon a proper pleading.

For the reasons stated, we affirm the trial judge's child support order. We also reverse the order insofar as it denies visitation, and we dismiss Hur's request for visitation which was orally presented in the circuit court.

*Affirmed in part and reversed in part.*

Koontz, C.J., and Keenan, J.,* concurred.

---

* Justice Keenan participated in the hearing and decision of this case prior to her investiture as a Justice of the Supreme Court of Virginia.