COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


C. WILLIAM STIPE, III

                                        MEMORANDUM OPINION[*]
v.    Record No. 0898-97-4                   PER CURIAM
                                         FEBRUARY 24, 1998
JEAN McCLUNG STIPE


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       David T. Stitt, Judge

              (James G. Gore, Jr.; Andrew S. Regenbaum; The
              Gore Law Firm, on briefs), for appellant.

              (Susan Massie Hicks; Melinda G. Williams;
              Hicks & Havrilak, on brief), for appellee.


        C. William Stipe, III, (husband) appeals the decision of the

circuit court awarding $1,283 in monthly spousal support to Jean

McClung Stipe (wife).  Husband contends that the trial court

erred by failing to (1) impute income to wife for earnings on her

equitable distribution award of an interest in husband's 401(k)

retirement plan; (2) impute income to wife for earnings on the

equitable distribution cash award of $28,721; (3) consider wife's

free mortgage from her parents; (4) consider equitable

distribution funds previously received and spent by wife; (5)

consider evidence that wife's expenses were inflated; and (6)

consider the tax consequences.  Wife presents as an additional

question whether the court erred by denying her motion for

sanctions and for post-trial attorney's fees.  Upon reviewing the

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

The trial judge's oral comments and his written order of May 28, 1997 demonstrate that he considered the statutory factors when making the spousal support award.  Therefore, we will reverse the spousal support award only if there is evidence that the trial judge abused his discretion.

### Imputation of Income

Under appropriate circumstances, a trial court may impute income to a party who seeks spousal support.  See Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990).  The court "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably

2

foreseeable future,' not to what may happen in the future." Id. at 735, 396 S.E.2d at 679 (citation omitted). Where imputation of income is proper, the evidence must enable the trier of fact to reasonably project the amount to be imputed. See Hur v. Virginia Department of Social Services, 13 Va. App. 54, 61, 409 S.E.2d 454, 459 (1991).

Husband contends that the trial court erred by failing to impute income to wife on the basis of interest she could earn on her share of the retirement funds split between the parties under the equitable distribution of their marital assets. This contention is without merit. As noted by the trial court, "a retirement pension is suppose[d] to grow, and the way it grows is by reinvesting earnings." Here, neither party was retired, and wife was not currently receiving, or about to receive, any payments from this pension. Cf. McGuire v. McGuire, 10 Va. App. 248, 251, 391 S.E.2d 344, 347 (1990) (error not to include in wife's income the payment she received each month from husband's defined benefit pension). Moreover, husband presented only generalities and possibilities, not evidence, to support the amount of income he sought to impute to wife as earnings. We find no abuse of discretion in the trial court's decision not to impute unproven amounts of earnings on retirement funds which are not currently being withdrawn.

Husband also contends that the trial court erred by failing to impute income for earnings on the $28,721 cash award. Wife

3

testified that she used the cash award to pay attorney's fees and as a down-payment on her residence. Because this award was no longer available for investment, we find no error in the trial court's refusal to impute income from hypothetical earnings to wife.

## Mortgage

Husband contends that wife's mortgage arrangement was merely an advance on her inheritance. The trial court believed the testimony of wife and her mother that the arrangement was a legitimate transaction resulting in an actual debt. That testimony demonstrated that wife's parents purchased the home for her when there was a delay in the distribution of the proceeds from the sale of the parties' marital residence. The parents charged wife $1,000 a month in rent initially, then $1,200 a month as a mortgage payment, based upon the monthly cost to them of their bank loan. While the parents subsequently paid off the bank loan in cash, wife's monthly payment remained $1,200. Wife and her parents acknowledged that the mortgage was interest-free, but wife executed a promissory note in the amount of the outstanding mortgage, payable to her parents and their heirs, which included other children besides wife. Because the evidence supports the court's determination that the mortgage arrangement was legitimate, we will not disturb that determination.

## Previously Distributed Funds

While husband raised as a separate question wife's use of

previously distributed marital funds, he failed to address this contention in his brief. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Accordingly, we will not address this issue.

## Wife's Monthly Expenses

Husband contends that he established at the post-trial hearing that wife's expenses were inflated. However, the trial court found that there had not been a material change in wife's financial circumstances. Credible evidence supports the trial court's determination. Therefore, we find no error.

## Tax Consequences

Husband contends that the trial judge failed to consider the tax consequences when setting spousal support, as required under Code § 20-107.1(9). As support, husband quotes a remark by the trial judge that he did not consider the tax consequences to the parties. In full context, however, the trial judge stated:

> I've also considered other factors. I've not considered the tax consequences to the parties. I've considered that they are going to have to deal with their own tax consequences. So, again, I've considered all these factors.

This remark demonstrates that the trial judge considered the statutory factor, but gave little weight to the tax consequences faced by the parties in this instance. The trial judge need not recite specific findings from the evidence relative to each

5

factor or assign the weight accorded to it.  See <u>Woolley v.</u>

<u>Woolley</u>, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

## Failure to Award Fees

Wife raises a single issue on appeal. She contends that the trial court erred by failing to grant her motion for sanctions against husband or to award her attorney's fees for costs incurred in connection with husband's post-trial motions. An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). The trial court found that the post-trial motions filed by both parties were appropriate and not frivolous. Husband was required previously to pay a portion of wife's attorney's fees. We cannot say that the trial judge's decision not to impose sanctions or award attorney's fees was unreasonable or that the trial judge abused his discretion in not making an additional award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.