COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


JOHN ROBERT DRISKILL

MEMORANDUM OPINION* BY
v.        Record No. 2625-03-1            JUDGE WALTER S. FELTON, JR.
                                                  JULY 6, 2004
ALICE JEAN PATTON DRISKILL


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph A. Leafe, Judge

Anthony L. Montagna, Jr. (Montagna & Montagna, P.C., on brief),
for appellant.

Allan D.D. Cahill (Henry M. Schwan, on brief), for appellee.


John Robert Driskill (husband) appeals the trial court's award of spousal support to Alice

Jean Patton Driskill (wife). He contends the trial court erred in determining that wife was not

underemployed and in awarding her $600 a month in spousal support. We disagree and affirm the

judgment of the trial court.

BACKGROUND

As the parties are familiar with the record, we state only those facts necessary to the

disposition of this appeal. In doing so, we discuss only the applicable facts relating to the issues

raised and view the evidence in the light most favorable to the prevailing party below. See

McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

The parties were married in 1985 in Gibraltar while both were serving in the United States

Navy. One child, a son, was born of the marriage in 1992. The child has special needs, which

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

require special education programs, counseling, tutoring, speech therapy, regular medication, and other special care.

In April 1997 after twelve years of marriage, the parties separated with the intention of ending the marriage. In April 1998, wife filed a bill of complaint seeking a divorce, which was referred to a commissioner in chancery. Following an evidentiary hearing, the commissioner concluded at the time that wife was "probably underemployed and has overstated her expenses in the approximate amount of $930." The commissioner recommended that the trial court order husband to pay wife $250 per month in spousal support.

Wife filed an exception to the commissioner's report as to the amount of recommended spousal support. The trial court found that the evidence did not support the commissioner's finding that wife was underemployed or that she had overstated her expenses. See Seemann v. Seemann, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987) ("Although a commissioner's report is not entitled to the weight given to a jury's verdict, the report's findings should be sustained by a trial court unless the court concludes that they are not supported by the evidence."). In addressing the parties' exceptions to the commissioner's report, the trial court stated:

> Defendant [husband] indicated during the hearing that he was not trying to impute income to Complainant [wife]. Given this statement by defendant and the absence of information as to what type of employment Complainant is otherwise qualified for, the evidence does not support the Commissioner's finding that Complainant is underemployed.

The trial court also noted the special needs requirements of the parties' child, and wife's need to be flexible and available to care for the child on a regular basis. It rejected the commissioner's recommendation that wife be awarded $250 a month spousal support, and ordered husband to pay $600 in monthly spousal support, in addition to child support.

ANALYSIS

## I. FAILURE TO CITE AUTHORITY

Rule 5A:20(E) requires the appellant's brief to include, among other things, the "principles of law, the argument, and the authorities relating to each question presented." "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003) (citation omitted).

Husband presents six questions on appeal. At oral argument, husband conceded that he failed to cite any supporting principles of law or authority for questions 1, 4, 5 and 6. He abandoned those claims on appeal. Accordingly, we do not consider these questions on appeal, and address only those questions properly before us.

## II. SPOUSAL SUPPORT

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). On appeal, a trial court's decision on spousal support will not be reversed "'unless there has been a clear abuse of discretion.'" Id. (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 440 S.E.2d 792, 794 (1997)). "We will reverse the trial court only when its decision is plainly wrong or without evidence to support it." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

### A. Voluntary Underemployment

Husband contends that the trial court erred in failing to determine wife was voluntarily underemployed for purposes of determining spousal support. He argues that the trial court failed

to give appropriate weight to wife's earning capacity, including her skills, education, training, and present employment opportunities as required by Code § 20-107.1(E)(9).

> Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children."

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (quoting Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998)). Code § 20-107.1(E)(9) requires "the trial court to consider . . . the earning capacity of the 'parties.'" A party who seeks spousal support is obligated to earn as much as he or she reasonably can in order to reduce the amount of the support needed, and he or she may not voluntarily choose a low paying position that penalizes the other spouse by demanding higher support payments. Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990).

The spouse seeking to impute income because of voluntary underemployment has the burden of proving that the other spouse "was voluntarily foregoing more gainful employment, either by producing evidence of a higher-paying former job or by showing that more lucrative work was currently available." Mir v. Mir, 39 Va. App. 119, 128, 571 S.E.2d 299, 304 (2002). "The evidence must be sufficient to 'enable the trial judge reasonably to project what amount could be anticipated.'" Albert v. Albert, 38 Va. App. 284, 295, 563 S.E.2d 389, 395 (2002) (quoting Hur v. Va. Dept. of Soc. Servs. Div. of Child Support Enforcement ex rel. Klopp, 13 Va. App. 54, 61, 409 S.E.2d 454, 459 (1991)).

Here, husband had the burden of proving that wife was voluntary underemployed. He presented no evidence concerning the availability of teaching jobs for which wife might be qualified in the Norfolk area, how much those jobs would pay, or whether, based on her experience and qualifications, wife had a reasonable expectation of securing and maintaining any

- 4 -

such job.  The record reflects that wife earned a bachelor's degree in education some twenty years previously, but that she had never worked as a teacher.  At the time of the proceedings in the trial court, she was working full time as a certified nursing assistant in a nursing home.

Moreover, the evidence demonstrated that the parties' son had special educational and other needs including counseling, tutoring, and medical care.  Based on the evidence presented, the trial court found wife's "current employment is appropriate given the special care that [the parties' child] requires and [wife's] need to be flexible and available to care for her son on a regular basis."

For these reasons, we conclude that the trial court did not err in finding that husband failed to meet his burden proving that wife was voluntarily underemployed.

### B.  Amount of Spousal Support Award

Husband also contends that the trial court erred in awarding wife $600 per month in spousal support.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the . . . factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

In awarding wife spousal support, the trial court specifically stated that it considered "the evidence in this case, including without limitation, that [wife] was not underemployed and did not overstate her expenses, [and] all of the statutory factors contained in § 20-107.1(E)(1)-(13) of the Code of Virginia."

We conclude that the record contains sufficient evidence to support the trial court's award to wife of $600 per month in spousal support.  We will not reverse the trial judge's decision where supported by competent evidence.  See Gibson v. Gibson, 5 Va. App. 426, 435,

364 S.E.2d 518, 523 (1988). The parties were married for twelve years before they separated. Wife is and has been the primary caregiver for the parties' special needs son. At the time of these proceedings in the trial court, her monthly income was $2,041, including her wages from the nursing home, income from an inheritance, and her share of husband's retirement. The record shows that husband retired from the Navy in 2000. At the time of trial, he was fully employed as a private contractor with the Department of Defense. His income was $6,330 per month from his civil service employment and Navy retirement. During his service in the Navy, husband benefited from many training courses and classes that improved his career opportunities. The trial court heard extensive evidence regarding the equitable distribution of the parties' property and their respective financial circumstances.

### III. AWARD OF ATTORNEY'S FEES FOR APPEAL

Wife requested she be awarded her costs and attorney's fees in defending this appeal. By order of this Court dated February 13, 2004, we noted deficiencies in husband's filing of his opening brief and the joint appendix in this Court. Husband failed to include in the joint appendix parts of the record properly designated by wife. We ordered husband to correct these deficiencies. Husband's first amended joint appendix also failed to include portions of the record properly designated by wife. As a result of husband's filing multiple amended appendices, the parties were also required to file amended briefs.

Husband raised six assignments of error, for four of which he failed to cite any supporting principles of law or authority and which were not supported by the evidence. He conceded during oral argument that these questions were barred from our review by Rule 5A:20. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994) (awarding attorney's fees and cost of the appeal because "[m]any of husband's questions presented or assignments of error were not supported by the law or the evidence").

- 6 -

Additionally, the language and tone of a portion of husband's arguments on brief, as well as during his presentation at oral argument, fall considerably below our expectations, being both inappropriate and lacking professionalism.[1]

"The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment." O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). From our vantage point, we can examine the arguments on appeal not merely in the abstract, but also as they fit within the course of conduct demonstrated both in the trial court and on appeal.

Considering the entire record in this case, we find that wife is entitled to reasonable attorney's fees and costs incurred in this appeal. Accordingly, we remand to the trial court to determine an appropriate award of attorney's fees and costs incurred in this appeal, including any attorney's fees and costs incurred at the remand hearing, and any reasonable attorney's fees and costs of collection, if necessary.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in finding that wife was not underemployed and in ordering husband to pay wife $600 per month in spousal support. Accordingly, we affirm the judgment of the trial court. We remand to the trial court for the limited purpose of determining an award to wife for attorney's fees and costs incurred in this appeal, including any costs of collection.

Affirmed.

---

[1] In his brief on appeal, counsel for husband denigrated wife's occupation as a certified nursing assistant stating that "[s]urely, there is considerable difference from being a teacher, a noble profession, and someone who empties bedpans." He repeated this assertion again at oral argument before this Court. He also argued in his brief that while wife does not suffer "from any physical impairment, it is submitted that the only impairment from which [wife] suffers is indolence." Finally, he asserted that husband "should not be penalized for [wife's] unwillingness to exercise any intellectual capability."