COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Haley and Senior Judge Coleman

DUDLEY A. CASH

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0170-07-3                              PER CURIAM
                                                    NOVEMBER 13, 2007
BARBARA CLARK, F/K/A
  BARBARA C. CASH

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Michael S. Irvine, Judge

(Linda J. Woods; Woods & Christensen, P.C., on brief), for
appellant.

(Thomas W. Dixon, Jr.; Nelson, McPherson, Summers & Santos,
L.C., on brief), for appellee.

Dudley A. Cash appeals from the circuit court's December 19, 2006 order finding a change

in circumstances warranted a reduction in the spousal support he owed Barbara Clark. On appeal,

Cash lists twenty-three questions presented, but appears to contend only that the trial court erred in

(1) employing an incorrect standard of review, (2) imputing income to him, (3) making certain

evidentiary rulings, (4) determining the parties' incomes, and (5) "declining to consider" findings of

the Social Security Administration regarding his disability. Upon reviewing the record and briefs,

we conclude that this appeal is without merit. We summarily affirm the decision of the trial court in

part, see Rule 5A:27, and we dismiss the appeal in part.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we construe the evidence in the light most favorable to [Clark], the prevailing party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom." Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

The parties were divorced by final decree dated March 27, 2002. The decree ordered Cash to pay Clark $1,400 in monthly spousal support and an additional $10,750 annually as her share of Cash's annual lottery payment.

On August 14, 2003, Cash sought a reduction in his spousal support obligation, alleging he had a "substantial decrease" in his income. Finding Cash was voluntarily unemployed, the court denied the motion.

In February 2004, Cash again petitioned the court for a reduction of spousal support, arguing a shoulder injury prevented him from working. After a series of continuances, a non-suit, and the re-filing of his request for a change in support, the court heard evidence on the matter. In a December 19, 2006 final order, the trial court reduced Cash's monthly spousal support obligation to $750. The court also denied Cash's motion for reconsideration. This appeal followed.

ANALYSIS

Standard of Review

Cash argues the trial court "erred in its standard of review of a motion to reduce spousal support."

Code § 20-109 provides that "[u]pon [the] petition of either party the court may increase, decrease, or terminate . . . spousal support and maintenance . . . as the circumstances may make proper." "The party moving for a modification of support payments must prove 'both a material change in circumstances and that this change warrants a modification of support.'" Furr v. Furr,

13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

Cash fails to explain how the court misapplied the standard of review, and instead appears to challenge the court's conclusions. In fact, the court noted in its order that it found a change in circumstances which warranted a reduction in husband's spousal support obligation and reduced spousal support to $750 monthly. The record indicates the court applied the proper standard. The trial court considered the evidence and the relevant statutory factors in its finding.

Imputation of Income

Cash challenges the court's finding that he is voluntarily unemployed and its imputation of income to him in the amount of $2,000 per month.

"[A] court may impute income to a party who is voluntarily unemployed or underemployed. Imputation of income is based on the principle that a spouse should not be allowed to choose a low paying position that penalizes the other spouse . . . ." Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994) (citations omitted).

> Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children."

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (citation omitted). "Imputation of income is within the trial [court]'s discretion . . . ." Sargent v. Sargent, 20 Va. App. 694, 704, 460 S.E.2d 596, 601 (1995).

The evidence demonstrated that although Cash suffered shoulder and back injuries, he was physically capable of performing "light duty work." Nevertheless, Cash has failed to seek any employment whatsoever. Relying on Cash's prior employment, the medical evidence concerning the extent of his injuries, testimony regarding Cash's skills, and Cash's demonstrated

- 3 -

ability to perform certain work-related activities, the court permissibly concluded appellant was voluntarily unemployed.

The court's imputation of $2,000 monthly income was likewise within the court's discretion and supported by the evidence of Cash's past employment and experience. The evidence must be sufficient to "enable the trial judge reasonably to project what amount could be anticipated." Hur v. Virginia Dep't of Soc. Servs., 13 Va. App. 54, 61, 409 S.E.2d 454, 459 (1991). Considering the medical testimony, Cash's evidence of his physical limitations, his recent earning capacity, and the demonstration of his work-related skills, the trial court did not abuse its discretion by imputing $2,000 in monthly income to Cash.

In modifying a spousal support order, Code § 20-109 instructs the trial court to consider the factors set forth in subsection (E) of Code § 20-107.1. These include earning capacity, education, skills, training, and age. See Code § 20-107.1. The evidence was sufficient for the trial court, by applying the factors of Code § 20-107.1 to impute $2,000 of income to Cash.

Furthermore, "[t]he determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). Moreover, "'[w]here, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (quoting Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)). The record supports the court's spousal support award.

<u>Evidentiary Rulings</u>

Cash asserts the trial court erred "in not allowing Dr. Grice, expert witness, to testify regarding his knowledge of the availability of 'light duty' jobs in the area where Mr. Cash lived." He also contends the "court erred when it sustained objections 2 & 3 in the motion *in limine* by finding they were leading questions."

Rule 5A:20(e) mandates that the opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

Cash has the burden of showing that reversible error was committed. <u>See</u> <u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." <u>Id.</u> Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Here, Cash did not comply with Rule 5A:20(e); the opening brief does not contain sufficient principles of law, argument, or citation to legal authorities or the record to fully develop Cash's arguments. Thus, we need not consider Cash's arguments, <u>Theisman v. Theisman</u>, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, <u>aff'd on reh'g en banc</u>, 23 Va. App. 697, 479 S.E.2d 534 (1996), and dismiss the appeal as to these issues.

<u>Clark's Income</u>

Cash asserts the trial court incorrectly determined Clark's income. Specifically, he contends the court erred in computing her income based on a thirty-six-hour-work week instead

of a forty-hour work week and by failing to include as income money Clark received from selling her stock.

In its ruling, the trial court noted that Clark currently works approximately thirty hours per week. The court had previously opined that Clark could work forty hours per week, but accepted Clark's testimony that her current job is more strenuous than her previous employment and calculated her salary based on a thirty-six-hour work week, thus imputing income to her.

As noted above, the decision to impute income is within the sound discretion of the trial court. See Saleem v. Saleem, 26 Va. App. 384, 393, 494 S.E.2d 883, 887 (1998). Employing the most deferential standard of appellate review, we reverse such findings "only if plainly wrong or not supported by credible evidence." Budnick v. Budnick, 42 Va. App. 823, 841, 595 S.E.2d 50, 59 (2004). Clark's testimony regarding the change in the type of work she performs supports the court's decision to calculate her employment income based on working only thirty-six hours per week.

Cash asserts Clark withdrew $20,000 from her stock portfolio in 2003 and an additional $22,000 in 2004. He contends that "[w]hile the stock themselves should not be calculated as her income, once they are liquidated and used with her general income, they should be considered the same way interest is calculated . . . ."

Earnings on assets received in equitable distribution must be considered in determining spousal support, but it is error to consider assets themselves as income. See Barker v. Barker, 27 Va. App. 519, 529-30, 500 S.E.2d 240, 245 (1998). Here, the trial court specifically found there was no evidence suggesting Clark sold the stock for a profit, and Cash does not contest that finding. That Clark may have used the money to meet her living expenses does not alter the fact that she merely liquidated an asset. Credible evidence supports the court's finding, and we find no abuse of discretion in its refusal to include the figures in the calculation of her income.

Cash challenges the court's determination of his income. He first argues the trial court incorrectly included the gross amount of the full $50,000 of his annual lottery award as his income. Cash reasons that because "the lottery funds were considered a property settlement with Mr. Cash paying to Ms. Clark a net payment of $10,750.00 per year," the entire amount of the award should not be counted as his income.

In determining the amount of Cash's spousal support obligation, the trial court specifically noted that it considered the annual payment of $10,750 Cash made to Clark and factored into the support amount the tax benefits Clark received by the fact that Cash paid the taxes on the full amount of the annual lottery payout. The record supports the court's ruling.

Citing only Code § 20-108.2, the guidelines for the determination of child support, Cash asserts the trial court improperly considered as his income $650 he receives in monthly rent on property he owns. Without citation to the appendix, he asserts the evidence proved his mortgage obligation on the property is over $900 monthly and that, therefore, the court should not have calculated the rental payments as his income. "'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Budnick, 42 Va. App. at 833, 595 S.E.2d at 55 (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)); see Rule 5A:20 (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented"). Because Cash has failed to properly develop this argument with pertinent authority, we decline to address it, and dismiss the appeal as to that issue. See Rule 5A:20(e).

Spousal Support

Cash asserts the trial court erred by increasing the initial amount of spousal support from $675 to $750 after Clark alerted the court to an error in the calculation of her income, "in not giving

a rationale for granting" Clark support, and "utilizing gross income for Mr. Cash while utilizing net income for Ms. Clark . . . ."

Again, as Cash presented no authority to support these claims, we need not address them and dismiss the appeal as to those issues. See Rule 5A:20(e).

Social Security Administration Evidence

Cash argues the trial court erred by refusing to allow the admission of new evidence at the hearing on the motion to reconsider. Specifically, Cash sought to present evidence that the Social Security Administration found he was disabled and approved his disability claim.

In its opinion letter, denying Cash's reconsideration motion, the court noted simply that the Social Security approval was "not before the court when the court heard the case in October of 2005."

"Motions to reopen a hearing to take further evidence are matters within the [trial judge's] discretion." Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439 (1998). At the time Cash filed his motion, he did not know the amount of his projected disability payment, although he asserted he believed it would be less than the $2,000 a month the court imputed to him. As the evidence Cash submitted was incomplete, referred to events occurring well after the court's ruling, and would not necessarily require the court to alter its ruling, we cannot say the trial judge abused his discretion. No evidence in the record indicates that this finding was plainly wrong.

Accordingly, the judgment of the trial court is summarily affirmed in part and dismissed in part.

Affirmed in part and dismissed in part.