COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, Chafin and Senior Judge Annunziata


PRASAD PONNEKANTI

                                                          MEMORANDUM OPINION[*]
v.      Record No. 0592-12-4                                  PER CURIAM
                                                          SEPTEMBER 11, 2012
USHA ANANTHAPADMANABHAN


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                               Randy I. Bellows, Judge

                    (C. Dean Latsios; Matthews, Snider & Fitzner, P.C., on brief), for
                    appellant.

                    (Carole A. Rubin; Charles A. Anderson; Grenadier, Anderson,
                    Starace, Duffett & Keisler, P.C., on brief), for appellee.


        Prasad Ponnekanti (father) appeals a child support ruling and attorney's fee award.   Father

argues that the trial court erred by (1) imputing income to him without first calculating the

presumptive child support guideline amount and making written findings of why the application of

the presumptive child support guideline amount is unjust or inappropriate; (2) failing to properly

consider his relocation to India and change in employment in determining that he was voluntarily

underemployed; and (3) awarding $20,000 in attorney's fees to Usha Ananthapadmanabhan

(mother).  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on December 20, 2000 and divorced on February 25, 2011. They have one child. On November 1, 2010, the trial court entered a consent custody and visitation order, which granted joint legal custody to the parties with primary physical custody to mother. On February 25, 2011, the trial court entered the final decree of divorce and ordered father to pay $1,072 per month for child support.

On August 10, 2011, father filed motions to modify custody, visitation, and child support. He also filed a motion to relocate to India. Mother filed responses to father's motions and moved to modify custody and visitation.

On January 30 and 31, 2012, the trial court heard evidence and argument on the parties' motions. At the time of the trial, both parties lived in Virginia. Father represented to the trial court that his current income was $130,000 per year. However, he testified that he intended to return to India and take a job earning approximately $27,000 per year. He explained that it was always his intention to return to India in order to take care of his parents. He testified that he planned to return to India regardless of whether the trial court awarded him custody of his child.

After hearing evidence and argument, the trial court awarded sole legal and physical custody of the child to mother and ruled that father could visit with the child in the United States. The trial court determined child support based on the child support guidelines. The trial court determined the child support amount "going forward" would be based on father's current income of $137,400 per year from his salary, bonus, and rental income. The trial court did not base the child support calculation on father's possible income of $27,000 in India. The trial court

concluded that father's "taking the job at $27,000 is voluntarily under employed." The trial court also awarded mother $20,000 in attorney's fees based on the parties' relative incomes. The trial court entered an order on March 2, 2012 memorializing its ruling. This appeal followed.

## ANALYSIS

Father appeals the trial court's child support ruling and attorney's fee award. "[D]ecisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993) (citing Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986)).

### Father's income

Father argues that the trial court erred by using $137,400 as his annual income for child support calculations. He contends the trial court should have first calculated child support guidelines based on his income in India and then made written findings as to why the amount was unjust or inappropriate.

"[T]here shall be a rebuttable presumption in any judicial or administrative proceeding for child support . . . that the amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded." Code § 20-108.1(B).

Father contends the trial court should have calculated child support based on his projected income in India. However, at the time of the trial, father was living and working in Virginia and earned $130,000 per year. He testified that he intended to move to India and take a job earning approximately $27,000 per year.

"[S]upport must be based upon 'circumstances in existence at the time of the award' and not upon speculation or conjecture." Brooks v. Rogers, 18 Va. App. 585, 592, 445 S.E.2d 725, 729 (1994) (quoting Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987)).

The trial court held that father's current income was $130,000, plus $5,000 for a bonus and $2,400 for rent received. Contrary to father's argument, the trial court did not err in calculating child support based on his income of $137,400 because that was his income at the time of the hearing. The trial court correctly applied the child support guidelines and determined that father's child support obligation was $911 per month.

The trial court did not deviate from the child support guidelines by using $137,400 for father's income. On the contrary, father was asking the trial court to deviate from the child support guidelines and use $27,000 for his income because he intended to move to India, but had not yet done so. The decision whether to deviate from the child support guidelines is within the discretion of the trial court. See Rinaldi v. Dumsick, 32 Va. App. 330, 337, 528 S.E.2d 134, 138 (2000). The trial court ruled that it was not going to deviate from the child support guidelines and calculate support based on the possible job in India because if father moved and took a job earning $27,000, he would have been voluntarily underemployed.

### Voluntarily underemployed

Father argues that the trial court erred by not considering his relocation to India and change in employment in determining that he would be voluntarily underemployed.

"Whether a person is voluntarily unemployed or underemployed is a factual determination." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999).

Father testified that since his marriage to mother, he had intended to return to India in order to care for his parents. He testified that he did not purchase property in the United States, but had an apartment in India. He had bank accounts in India. He testified that he would have a

better standard of living in India earning $27,000 per year than living in the United States earning $130,000. Father argues that he would not be voluntarily underemployed in India. He contends the trial court erred by not making written findings to support its ruling that father would be voluntarily underemployed if he moved to India and earned $27,000.

> In setting an award of child support, the "primary issue before a trial judge is the welfare and best interests of the child, not the convenience or personal preference of a parent." Hur v. Department of Soc. Servs., 13 Va. App. 54, 60, 409 S.E.2d 454, 458 (1991). Thus, a parent may not "'purposefully choose to pursue a low paying career which operates to the detriment of [the parent's] children.'" Id. (quoting Payne v. Payne, 5 Va. App. 359, 364, 363 S.E.2d 428, 431 (1987)).

Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993).

Contrary to father's argument, the trial court considered his relocation to India. The trial court questioned father and his attorney at length about father's desire to move. The trial court noted that father was taking a pay cut of over $100,000 in order to move to India. Father explained that he intended to move to India in order to care for his parents. He knew about his support obligation to his daughter, but still considered moving to India. Based on the evidence before the trial court, it did not err in concluding that father would be voluntarily underemployed if he took the job in India earning $27,000.

Attorney's fees

In addition to appealing the child support ruling, father appealed the trial court's ruling on attorney's fees. "'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

The trial court ruled that father would pay mother $20,000 over two years for her attorney's fees "based on the relative income of the parties." Father contends the trial court's

award of attorney's fees was based erroneously on his annual income of $137,400, as opposed to $27,000. As stated above, the trial court did not err in concluding that husband's income was $137,400. The trial court found that mother's income was $72,000. Given the discrepancy between the parties' incomes at the time of the hearing, the trial court did not abuse its discretion in awarding mother $20,000 in attorney's fees.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.